TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff and the proposed ADEA collective*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

CINDY CHEN,
*on behalf of herself and others similarly situated*
                                Plaintiff,

                    v.                                           **Case No: 17-cv-2536**

SHANGHAI CAFÉ DELUXE, INC.                           **COMPLAINT**
     d/b/a Shanghai Café,
YILI WENG a/k/a Eileen Weng,
PING LIN, and
XINSHENG GU a/k/a John Gu
                                Defendants.
---------------------------------------------------------x

Plaintiff CINDY CHEN (hereafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café; YILI WENG a/k/a Eileen Weng, PING LIN, and XINSHENG GU a/k/a John Gu, and alleges as follows:

**INTRODUCTION**

1. This action is brought to remedy claims of employment discrimination on the basis of age, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff brings this action under the ADEA on behalf of herself and all similarly situated current and former employees of Defendants who are over the age of forty and who elect to opt into this action pursuant to the enforcement provision of the ADEA, 29 U.S.C. § 626(b).

2. Plaintiff brings an individual claim of age discrimination in employment pursuant to New York State Human Rights Law (NYSHRL) NY Exec. § 290 *et seq.* and New York City Human Rights Law (NYCHRL) NYC Admin. § 8-101 *et seq.*

3. Plaintiff seeks injunctive and declaratory relief, compensatory and liquidated damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4. Plaintiff filed a timely charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") on or about June 24, 2016.

5. The EEOC issued a Notice of Right to Sue for Plaintiff on March 10, 2017.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). In addition, the Court has jurisdiction over Plaintiff's federal claims under the ADEA pursuant to 29 U.S.C. § 626(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial portion of the events giving rise to Plaintiffs' claims occurred in the district and the Defendant regularly does business within the district.

## PLAINTIFF

8. Plaintiff CINDY CHEN is a 54-year-old woman who worked for Defendant SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe at 100 Mott Street, New York, NY 10013 as a waitress until she was terminated on January 26, 2016.

9. At all relevant times, Plaintiff was an employee within the meaning of the ADEA, the NYSHRL, and the NYCHRL.

## DEFENDANTS

*Corporate Defendant*

10. Defendant SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café is a domestic business corporation organized under the laws of the State of New York with a principal address at 100 Mott Street, New York, NY 10013.

11. SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café is a restaurant that prepares Chinese food.

12. SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café purchased and handled goods moved in interstate commerce.

14. SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café has twenty (20) or more employees.

15. SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café has been, at all relevant times, an employer within the meaning of the ADEA, the NYSHRL, and the NYCHRL.

*Owner/ Operator Defendants*

16. The Individual Defendants are officers, directors, managers, majority shareholders and/or owners of the Defendant SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café who actually or apparently exercised supervisory authority over Plaintiff; and who actually participated in the conduct giving rise to a discrimination claim or aided, abetted, incited, compelled or coerced the doing of any of said conduct.

17. Owner/Operator Defendant YILI WENG (1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

18. Owner/Operator Defendant YILI WENG is in charge of all areas of the SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at Shanghai Café, and assigning employees to side jobs.

19. As the acting cashier, YILI WENG oversaw and controlled the day-to-day operations of the restaurant, overseeing employees in the "front of the house" as well as the "back of the house".

20. YILI WENG paid Plaintiff each workweek at all relevant times and terminated Plaintiff when she returned from visiting her elderly parents in China in March 2016 even though WENG promised Plaintiff that Plaintiff could return to work.

21. Owner/Operator Defendant PING LIN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

22. Owner/Operator Defendant PING LIN is in charge of all areas of the SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at Shanghai Café, and assigning employees to side jobs.

23. For instance, she hired all the Spanish-speaking employees—known as "amigos", meaning "friends" in Spanish—at the restaurant; had the power to order the waiters to serve the

customers; to order the Spanish-speaking employees to leave when the IRS investigators came to the restaurant; and to require that the steamed bun chef lady to pretend that she was PING LIN when employees from the Internal Revenue Service (IRS) visited the restaurant.

24. Upon information and belief, PING LIN is the mother of YILI WENG.

25. Owner/Operator Defendant XINSHENG GU a/k/a John Gu (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

26. Owner/Operator Defendant XINSHENG GU a/k/a John Gu is in charge primarily in the hiring and firing of the "back of the house", including chefs, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at Shanghai Café, and assigning employees to side jobs.

## STATEMENT OF FACTS

27. Plaintiff CINDY CHEN worked for Defendant SHANGHAI CAFÉ DELUXE, INC., d/b/a Shanghai Café for three (3) years and nine (9) months, from on or about April 15, 2012 to January 26, 2016 as a waitress.

28. Beginning in 2015, Plaintiff would frequently hear Defendant PING LIN yell from the front of the house that "we do not want any old ones, we only want old ones," referring to the waitstaff.

29. On Fridays, Saturdays and Sundays, the tip pool of to which five (5) waiters at SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café contributed was shared among eight (8) people, including: YILI WENG; the steamed bun ("xialongtangbao") chef named "Chen;" and the host/usher.

30. On Mondays, Tuesdays, Wednesdays and Thursdays, the tip pool to which four (4) waiters at SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café contributed was shared among six (6) people, including: YILI WENG and steamed bun chef "Chen."

31. Beginning in the second half of 2015, Defendant YILI WENG forbade Plaintiff and fellow employee Shuping Yu (born 1964) from doing side work and restricted Plaintiff and Yu to waiting tables, a task for which they would earn tips for the tip pool.

32. In October 2015, Plaintiff and YILI WENG ordered a plane ticket to Shanghai, China so that Plaintiff could visit her elderly parents from January 26, 2016 to March 8, 2016. Plaintiff and YILI WENG agreed that Plaintiff could resume work on March 8, 2016.

33. In January 2016, YILI WENG began paying Plaintiff and Shuping Yu only in cash in order to avoid investigation by the IRS. Previously, Plaintiff and Yu had been compensated by a combination of cash and check. Other employees who wanted to file tax returns at the end of the year were still paid by check.

34. As arranged with YILI WENG, Plaintiff flew to China on January 26, 2016 and returned to the United States on March 8, 2016.

35. On March 8, 2016, Plaintiff called YILI WENG to report that she was ready to return to work. YILI WENG replied that she would add Plaintiff back into the weekly work schedule beginning the following week.

36. On March 12, 2016, steamed bun chef "Chen" called Plaintiff and informed her that YILI WENG, PING LIN, and XINSHENG GU had decided they only wanted young waitresses, and that Plaintiff would not be able to return to work.

37. On March 13, 2016, Plaintiff called YILI WENG to ask if she had been added back into the work schedule. YILI WENG replied that she was busy and would call back that night. YILI

WENG did not call back.

38. Plaintiff later heard from Shuping Yu that, on March 13, 2016, PING LIN and XINSHENG GU said that "we do not Cindy Chen. We only want young waitstaff."

39. On March 14, 2016, Plaintiff went to SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café 100 Mott Street, New York, NY 10013 and asked YILI WENG if she had been added back into the work schedule. YILI WENG replied that Plaintiff been terminated.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action individually and on behalf of all other and former non-exempt waitstaff and kitchen staff over the age of forty (40) who have been or were employed by the Defendants and who were terminated or had their terms and conditions of employment adversely altered because of their age on or after January 26, 2016.

41. Defendants are liable under the ADEA for, *inter alia*, adversely altering Plaintiff's terms and conditions of employment, and terminating Plaintiff, because of her age. Upon information and belief, these actions were taken as part of a common policy or plan within Defendant SHANGHAI CAFÉ DELUXE d/b/a Shanghai Café that violated the ADEA. Therefore, notice should be sent to the ADEA collective. There are numerous similarly situated current and former employees of Defendant working in either the restaurant floor or kitchen who have been discriminated against because of their age and would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join.

## STATEMENT OF CLAIMS

### COUNT I.
[Age Discrimination in Violation of the Age Discrimination in Employment Act Brought on behalf of the Plaintiff and the Collective against Corporate Defendant[

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Defendant corporation has engaged in a widespread pattern and practice of violating the ADEA, as detailed in this Complaint, including, *inter alia*, discriminating against Plaintiff and Collective members by terminating them on the basis of their age and changing Plaintiff's and the Collective Members' terms and conditions of employment on the basis of their age.

44. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as incorporated into 29 U.S.C. § 626(b). Plaintiff's written consent is incorporated by reference.

45. At all times relevant to this action, Plaintiff and the Collective members were employed by Defendants within the meaning of the ADEA, 29 U.S.C. § 630(f).

46. Defendant corporation acted knowingly and willfully in violation of the ADEA.

## COUNT II.
### [Age Discrimination in Violation of the New York State Human Rights Law Brought on behalf of Plaintiff against Corporate Defendant]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. Defendant violated the NYSHRL by terminating Plaintiff on the basis of her age and altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYSHRL, § 292(6).

50. Defendant acted knowingly and willfully in violation of the NYSHRL.

## COUNT III.
### [Age Discrimination in Violation of the New York City Human Rights Law Brought on behalf of Plaintiff against Corporate Defendant]

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. Defendant violated the NYCHRL by terminating Plaintiff on the basis of her age and altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age.

53. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYCHRL, § 8-101.

54. Defendants acted knowingly and willfully in violation of the NYCHRL.

### COUNT IV.
### [Age Discrimination in Violation of the New York State Human Rights Law Brought on behalf of Plaintiff against Individual Defendants]

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Defendants violated the NYSHRL by terminating Plaintiff on the basis of her age, altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age, and aiding, abetting, inciting, compelling, or coercing the unlawful discriminatory conduct of Corporate Defendant and other Individual Defendants in violation of NYSHRL § 296(6).

57. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYSHRL, § 292(6) and subject to Individual Defendants' actual and apparent supervisory authority, which Individual Defendants deployed in to further their discrimination.

58. Defendants acted knowingly and willfully in violation of the NYSHRL.

## COUNT V.
### [Age Discrimination in Violation of the New York City Human Rights Law Brought on behalf of Plaintiff against Individual Defendants]

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Defendants violated the NYCHRL by terminating Plaintiff on the basis of her age, altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age, and aiding, abetting, inciting, compelling, or coercing the unlawful discriminatory conduct of Corporate Defendant and other Individual Defendants in violation of § 8-107(6).

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYCHRL, § 8-101 and subject to Individual Defendants' actual and apparent supervisory authority, which Individual Defendants deployed in to further their discrimination.

62. Defendants acted knowingly and willfully in violation of the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on the behalf of the Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees and have reached the age of forty. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were terminated on the basis of their age;

b)   Certification of this case as a collective action pursuant to ADEA;

c)   Designation of CINDY CHEN as representative of the Collective, and counsel of record as counsel for the Collective;

d)   A declaratory judgment that the practices complained of herein are unlawful under ADEA and NYSHRL;

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of compensatory damages to Plaintiff and Collective members who choose to opt in, including but not limited to back pay, front pay, and other benefits they would have received but for Defendants' unlawful conduct;

g)   An award of liquidated damages to Plaintiff and Collective members in an amount equal to the compensatory damages, pursuant to the ADEA 29 U.S.C. § 626(b);

h)   An award of compensatory damages to Plaintiff for mental anguish, pain and suffering, and humiliation;

i)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j)   An award of prejudgment and post-judgment fees; and

k)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
April 9, 2017

                TROY LAW, PLLC
                *Attorneys for the Plaintiff and proposed*

*Collective*

   /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com