UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY CHEN, and HOG ZENG GOU, *on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>SHANGHAI CAFÉ DELUXE, INC. d/b/a SHANGHAI CAFÉ; YILI WENG a\k\a EILEEN WENG; PING LIN, and XINSHENG GU a\k\a "JOHN" GU<br><br>*Defendants.* | 1:16-cv-4790 |
| CINDY CHEN, *on behalf of herself and others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>SHANGHAI CAFÉ DELUXE, INC. d/b/a SHANGHAI CAFÉ; YILI WENG a\k\a EILEEN WENG; PING LIN, and XINSHENG GU a\k\a "JOHN" GU<br><br>*Defendants.* | 1:17-cv-02536<br><br>**CERTIFICATION OF MICHAEL K. CHONG, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL** |

1

| | |
|---|---|
| SU PING YU, a/k/a Amy Yu, *on her own behalf and on behalf of others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>SHANGHAI DUMPLING INC. d/b/a Shanghai Dumpling; SHANGHAI SOUP DUMPLING INC. d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe; YILI WENG a/k/a Eileen Weng, PING LIN, and XINSHENG GU a/k/a John Gu,<br><br>*Defendants*. | 1:19-cv-07601 |

Michael K. Chong, being of full age, by way of Certification in lieu of oath states:

1. I am an attorney at law duly admitted to practice before the United States District Court for the Southern District of New York. I have personal knowledge of the facts set forth in this Certification, which I make in support of a Motion for Leave to Withdraw as Counsel for Defendants in the three above consolidated actions.

2. Last evening, I filed a Letter Motion to Withdraw the Notice of Appearance on behalf of Defendants SHANGHAI DUMPLING INC. d/b/a Shanghai Dumpling and SHANGHAI SOUP DUMPLING INC. d/b/a Shanghai Dumpling (DE 41).

3. The three consolidated actions are scheduled for trial on February 25, 2020, with Pretrial Submissions due January 31, 2020. There is also discovery ongoing in the Yu case in which I have noticed the Plaintiff Yu for a deposition, and yesterday, Plaintiffs' counsel served six deposition notices for Defendants in the Yu case.

4. Over the past several weeks, I have been doing substantial work to prepare the consolidated Pretrial submissions. There is still substantial work to be done to complete the Pretrial Submissions

2

and the time and effort to prepare the three (3) cases for trial and the trial of the three (3) consolidated cases will be substantial. There will also be substantial time and expense for the depositions in the Yu case.

5. Throughout my representation in these three (3) consolidated actions, my contact and communication has been with Defendant Yili Weng, who speaks and reads English. Defendants Gu and Lin do not read or speak English.

6. During the time I have been working to prepare the Pretrial submissions, I and my office have had numerous e-mail communications with Ms. Weng requesting information in order to prepare the Joint Pretrial Order, and advising that the information is needed immediately as we have a deadline to complete the Joint Pretrial Order. Ms. Weng is unresponsive to e-mail communications, and I and my office have made multiple follow up telephone calls to Ms. Weng, which result in Ms. Weng providing only partially responsive answers to our questions and promises to send relevant documents and\or additional information, which never materializes. This is despite continually advising Ms. Weng that there is an imminent deadline for submission of the Joint Pretrial Order.

7. I represent the Defendants in these actions pursuant to a written Retainer Agreement which provides that I will bill for my time on an hourly basis, and that Defendants are required to replenish the initial retainer when the initial retainer is exhausted.

8. During the time I have been preparing the Pretrial submissions, I have been communicating with Yili Weng with respect to payment of a trial retainer. I requested payment of a trial retainer based on a *conservative* calculation of the number of hours required to prepare the Pretrial submissions, prepare for trial, the trial and the discovery in the Yu case.

9. The communications with Ms. Weng with respect to a trial retainer have included Ms. Weng continually trying to negotiate the trial retainer amount to a lower amount, which I have declined to

do, as the requested trial retainer represents a conservative calculation of the bare minimum amount of hours that will be required to complete discovery in the Yu case, prepare for trial, and for the trial. I have since reduced the reasonable trial retainer amount, to no avail.

10. The out of pocket costs to complete discovery in the Yu case will be substantial, as the Plaintiff requires a Mandarin interpreter and all of the deposition transcripts will have to be ordered on an expedited basis in order to comply with the deadline of February 10, 2020 to amend the Joint Pretrial Order based on ongoing discovery in the Yu case. I asked Ms. Weng to pay these out of pocket costs by providing a credit card, and she has declined to do so.

11. Several times, I have asked Ms. Weng to confirm payment of the trial retainer and set a deadline to do so, warning Ms. Weng that I would file a Motion to Withdraw as Counsel if she did not confirm payment of the trial retainer.

12. Several times, Ms. Weng agreed to provide confirmation of payment of the trial retainer, but failed to do so. Several times, I extended the deadline for Ms. Weng to provide confirmation of payment of the trial retainer. Finally, I advised Ms. Weng yesterday that with the imminent deadline for the Joint Pretrial Order, as well as the need to complete discovery (depositions) in the Yu case expeditiously, if I did not receive confirmation of the payment of the trial retainer by last evening, I would file a Motion to Withdraw as Counsel. I made clear that last evening was the final deadline, and that I would not further extend the deadline to confirm payment of the trial retainer, as the deadline for Pretrial submissions is imminent, and there are a number of depositions to be conducted expeditiously in the Yu case.

13. Ms. Weng did not provide confirmation of payment of the trial retainer by the deadline.

14. Last evening, I had a text message conversation with Ms. Weng that was hostile in its tenor. I am limiting what I disclose about that conversation to only what is necessary to demonstrate that there has been a complete breakdown in the attorney client relationship which makes it impossible

for me to continue to represent Defendants. Although Ms. Weng did not explicitly state that she has been seeking another attorney for these cases, the tenor of the conversation strongly suggested that Ms. Weng has been "shopping" for a new attorney to represent Defendants in these cases, and seeking to haggle and bargain for a lower cost from my office. Moreover, Ms. Weng made a disparaging comment about me.

15. Despite our diligent work on these matters for Defendants, including obtaining a very favorable Order from Judge Pauley (Document 35 in <u>Yu v. Shanghai et al</u>, Docket No.: 1:19-cv-07601) providing for a significant limitation on Plaintiff's counsel's fees, and a credit for Defendant's attorney's fees, Ms. Weng and the Defendants have refused to pay their legal fees as provided for herein, or cooperate with our office so that we can prepare for trial.

16. For these reasons, I respectfully submit that it is impossible and unreasonable for me to continue representing the Defendants.

17. I have a small firm and a busy litigation practice. I employ one associate attorney who started employment with my firm on Monday, January 27, 2020. The associate requires time to get up to speed on the files I have assigned to her to work on, and as she is new to my firm, I closely supervise her to ensure her work product is correct and complete. Until she has sufficient time to learn the files she is assigned to, the responsibility for a heavy calendar of court appearances and depositions is still my responsibility.

18. To be required to devote a very substantial amount of my time and effort to completing Pretrial submissions, preparation for trial, the trial, and completing discovery in the Yu case (which will also involve substantial out of pocket costs), without payment for my legal services and the litigation costs will be a substantial and unreasonable financial burden to my small firm. Not only would I be required to invest substantial hours of work without payment, the demands of this case would severely limit the amount of time I have to devote to working on other cases for paying

clients. It will also limit the amount of time I have to work with my new associate to become completely familiar with files assigned to her, so that she will be prepared to start handling court appearances and depositions, to ease the strain of my hectic litigation calendar.

19. The breakdown in the attorney client relationship renders it impossible and unreasonable for me to continue representing the Defendants in these consolidated actions. To require that I continue to represent the Defendants would require me to work with a client who is hostile to me, and who, even before becoming hostile, has been continually unresponsive to communications requesting information that is essential to complete the Pretrial submissions and prepare for trial.

20. For all of the foregoing reasons, I respectfully request that the Court grant the Motion for Leave to Withdraw as Counsel for the Defendants.

21. I am providing notice of this Motion for Leave to Withdraw as Counsel to Defendants via e mail to Yili Weng (which has been our primary form of communication) and by providing a hard copy by overnight delivery to Defendants.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Date: January 29, 2020

Law Offices of Michael Chong, LLC

*Michael K. Chong*
Michael K. Chong, Esq.

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

1250 Broadway, 36th Fl., Ste. 300
New York, NY 10001
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com
*Attorney for Defendants*

Signed before me
this 29th day of
January, 2020

*Karen*

KAREN SHANER
Commission # 2382112
Notary Public, State of New Jersey
My Commission Expires
February 03, 2024

6