UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY CHEN, and HOG ZENG GOU, on behalf of themselves and others similarly situated,

       Plaintiffs,

-against-

SHANGHAI CAFE DELUXE, INC., d/b/a Shanghai Café, EILE WAN, PING LIN, and XINSHENG GU,

       Defendants.

**ORDER**

16cv4790 (DF)

---

CINDY CHEN,

       Plaintiff,

-against-

SHANGHAI CAFE DELUXE, INC., a/k/a Shanghai Café, YILI WENG a/k/a Eileen Weng, XINSHENG GU a/k/a John Gu,

       Defendants.

17cv2536 (DF)

---

SU PING YU a/k/a Amy Yu,

       Plaintiff,

-against-

SHANGHAI DUMPLING, INC., a/k/a Shanghai Dumpling, SHANGHAI SOUP DUMPLING, INC., a/k/a Shanghai Dumpling, SHANGHAI CAFE DELUXE, INC., a/k/a Shanghai Café Deluxe, YILI WENG a/k.a Eileen Weng, PING LIN, XINSHENG GU a/k/a John Gu,

       Defendants.

19cv7601 (DF)

**DEBRA FREEMAN, United States Magistrate Judge:**

The three above-captioned cases (referred to herein as the "2016 Action," the "2017 Action," and the "2019 Action"), which are before this Court on consent of the parties pursuant to 28 U.S.C. § 636(c), have been consolidated for purposes of trial.

After granting the motion of Michael K. Chong, Esq. ("Chong") to withdraw as counsel of record for defendants Shanghai Dumpling, Inc. and Shanghai Soup Dumpling, Inc., in the 2019 Action, and striking the Answer that was apparently filed by Chong for those defendants without authority, the Court directed those defendants to move, answer, or otherwise respond to the Complaint by March 2, 2020. (2019 Action, Dkt. 50.) Shanghai Dumpling, Inc., duly filed an Answer by that date (2019 Action, Dkt. 57), but Shanghai Soup Dumpling, Inc. did not, nor did it otherwise respond.

By Order dated March 18, 2020, the Court then granted the request of Chong and Mindy L. Kallus, Esq., to be relieved as counsel of record for the remaining defendants in all cases, and adjourned the consolidated trial *sine die*. (2016 Action, Dkt. 105, Dkt. Entry of Mar. 18, 2020; 2017 Action, Dkt. 68, Dkt. Entry of Mar. 18, 2020; 2019 Action, Dkt. 64, Dkt. Entry of Mar. 18, 2020.) Since then, the Court has received numerous requests by defendant Yili Weng ("Weng") to extend the time for her and for defendant Shanghai Cafe Deluxe to obtain new counsel. (2016 Action, Dkts. 104, 120, 123; 2017 Action, Dkts. 67, 82, 85; 2019 Action, Dkts. 63, 76, 80, Dkt. Entry of Mar. 18, 2020.) The Court has not received any similar requests from defendants Ping Lin ("Lin") and/or Xinsheng Gu ("Gu"). Plaintiffs have opposed Weng's most recent request for an additional extension of time. (*See* 2016 Action, Dkts. 121, 122; 2017 Action, Dkts. 83, 84; 2019 Action, Dkts. 77, 78.)

Having reviewed the parties' submissions, it is hereby ORDERED as follows:

1. The request made by defendants Weng and Shanghai Café Deluxe, Inc. for additional time to obtain counsel is denied. These defendants have been afforded ample time to seek new counsel, even taking into consideration any difficulties that may have been caused by the COVID-19 outbreak, and the Court finds that any further extensions of time would be unwarranted.

2. If defendants Weng, Liu, and Gu wish to continue, at this time, to defend these actions, then they will be expected to do so *pro se* – in other words, without counsel. So that they may proceed *pro se*, these defendants are directed to provide to the Court, no later than **August 7, 2020**, their direct contact information, including the address, telephone number, and, preferably, email address at which each of them can be reached. Instructions as to how the *pro se* defendants may file materials with the Court during the period of the COVID-19 outbreak are attached to this Order. As *pro se* parties, Weng, Lin, and Gu are hereby notified that they are expected to proceed with this action diligently, to attend all court conferences and other proceedings in person (or as otherwise directed, if court proceedings are being held by remote means), and to comply, on their own, with all rules and procedures of the Court. Failure to do so on the part of any defendant may result in the entry of a default judgment against that defendant.

3. As defendant Shanghai Café Deluxe, Inc. has failed to obtain new counsel, and, as a corporation cannot proceed in this action *pro se*, the Court finds that Shanghai Café Deluxe, Inc. is in default. As Shanghai Soup Dumpling, Inc. has failed to answer, move, or otherwise respond to the Complaint by the Court-ordered deadline, the Court finds that Shanghai Soup Dumpling, Inc. is also in default.

4. Should Plaintiffs wish to move for a default judgment with respect to Shanghai Café Deluxe, Inc., Shanghai Soup Dumpling, Inc., or any individual defendant who fails to provide his or her contact information to this Court by August 7, 2020, Plaintiffs may do so, not later than **September 4, 2020.**

5. All remaining parties to these actions are directed to confer in good faith and jointly propose to the Court, no later than **August 14, 2020**, a schedule for any remaining discovery in the 2019 Action and for pretrial submissions in the consolidated cases. The parties are also directed to consider whether they are willing to waive a jury and proceed with a bench trial of these cases, as the Court does not expect to be able to schedule a jury trial in this calendar year.

6. Counsel for Plaintiffs are directed to make good-faith efforts to serve a copy of this Order on all unrepresented defendants no later than July 24, 2020, including by (a) mailing a copy to Weng at the address she provided at Dkt. 80 in the 2019 Action, and (b) by taking such other steps as would be reasonably expected to reach each defendant. Plaintiffs' counsel are further directed to file proof of such service on the Docket of these actions by July 24, 2020. If counsel are unable to serve this Order due to difficulties caused by the COVID-19 outbreak, then counsel should promptly inform this Court of the nature of such difficulties.

Dated: New York, New York
       July 20, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All Counsel (via ECF)

**Notice to Defendants Regarding How To Make *Pro Se*
Filings During the Period of the COVID-19 Outbreak:**

The Court's *Pro Se* Office is not open for in-person visits at this time. Accordingly, until further notice by the Court, any filings by defendants Weng, Lin, or Gu, should be made in one of the following three ways:

(1) <u>By email.</u> This is the fastest way to file documents at this time. To file by email:

   (a) The defendant must sign the document on his or her own behalf, either by signing before scanning or by typing his or her name after an s-slash, like this:
   "/s/ Yili Weng," or "/s/ Ping Lin," or "/s/ Xinsheng Gu."

   (b) the document must include the defendant's name, address, phone number, and email address (if available), and

   (c) the subject line of the email must state that it is a *pro se* filing, and include the case number(s) – for example, like this: "*Pro Se* Filing – 16cv4790, 17cv2536, 19cv7601."

   The response may then be emailed to the following email address:
   Temporary_Pro_Se_Filing@nysd.uscourts.gov
   Documents submitted by email that do not comply with these instructions will be disregarded.

(2) <u>By Drop Box.</u> If any of the individual defendants is unable to email the materials he or she wishes to file, then he or she may drop them off at the courthouse. The drop box is located in the lobby of the 200 Worth Street entrance to the Daniel Patrick Moynihan ("DPM") Courthouse, next to the security station, and is available 24 hours a day and 7 days a week to drop off filings. The Clerk's Office will retrieve drop box filings during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday. The materials should be clearly marked with the defendant's name and the case number.

(3) <u>By mail.</u> Any defendant may still mail any papers to be filed to the DPM Courthouse, at the following address:

   *Pro Se* Intake Unit
   U.S. Courthouse
   500 Pearl Street
   New York, NY 10007