# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

July 14, 2021

**Via ECF**
Hon. Debra C. Freeman, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**
*Chen v. Shanghai Café Deluxe, Inc.*, No. 16-cv-04790 (DF), (S.D.N.Y.) ("*Chen FLSA*")
*Chen v. Shanghai Café Deluxe, Inc.*, No. 17-cv-02536 (DF), (S.D.N.Y.) ("*Chen ADEA*")
*Yu v. Shanghai Dumpling, Inc.*, No. 19-cv-07601 (DF), (S.D.N.Y.) ("*Yu ADEA*")

Your Honor,

This office represents the Plaintiffs in the above-referenced matters. We write respectfully to respond to the Court's concerns raised at conference on July 7, 2021, and to propose next steps going forward.

<u>Authority to Render Judgment Against Shanghai Soup Dumpling, Inc. in *Yu ADEA*</u>

Ms Chen sued Shanghai Café Deluxe, Inc., Yili Weng, Ping Lin, and Xinsheng Gu in *Chen FLSA* and *Chen ADEA*. In addition. Ms Yu sued Shanghai Dumpling Inc and Shanghai Soup Dumpling Inc in *Yu ADEA*.

Ms Chen, Ms Yu, Shanghai Café Deluxe, Inc., Yili Weng, Ping Lin, and Xinsheng Gu consented to Your Honor's jurisdiction in *Chen FLSA*, *Chen ADEA*, and *Yu ADEA*. *See Chen FLSA* Dkt. No. 55; *Chen ADEA* Dkt. No. 18; *Yu ADEA* Dkt. No. 34 (Defense counsel purported to consent on behalf of "Shanghai Dumpling et al," but this was later found to be in error and that Defense counsel only represented Shanghai Café Deluxe, Inc., Yili Weng, Ping Lin, and Xinsheng Gu). Separately, Shanghai Dumpling Inc consented, through counsel, to Your Honor's jurisdiction in *Yu ADEA*. *See Yu ADEA* Dkt. No. 79. However, Shanghai Soup Dumpling Inc did not consent to Your Honor's jurisdiction.

Counsel for Shanghai Dumpling Inc represented to me on July 7, 2021 that he 1) does not intend to appear for Shanghai Soup Dumpling Inc; and 2) that he is not in contact with Shanghai Dumpling Inc either. Accordingly, there is no path forward for Shanghai Soup Dumpling Inc to consent to Your Honor's jurisdiction.

"The law is clear[] that a magistrate judge cannot enter default judgment against a party absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment." *Ideavillage Prods. Corp. v. Antiker*, No. 20-cv-04681 (MKV), 2021 U.S. Dist. LEXIS 93407, at *3–4 (S.D.N.Y. May 17, 2021) (collecting cases). Defendants who *have* appeared and previously consented to Your Honor's jurisdiction, but who are now in default, however, are

Hon. Debra C. Freeman, U.S.M.J.
July 14, 2021
*Chen v. Shanghai Café Deluxe, Inc.*, No. 16-cv-04790 (DF), (S.D.N.Y.) ("*Chen FLSA*")
*Chen v. Shanghai Café Deluxe, Inc.*, No. 17-cv-02536 (DF), (S.D.N.Y.) ("*Chen ADEA*")
*Yu v. Shanghai Dumpling, Inc.*, No. 19-cv-07601 (DF), (S.D.N.Y.) ("*Yu ADEA*")
Page 2 of 3

unable to withdraw their consent. Nor do Ms Chen or Ms Yu wish to withdraw their consent. As Your Honor pointed out, Judge Pauley sadly passed away on July 6, 2021, and is unable to take up the case again. Accordingly, we propose that a new District Judge be assigned to *Yu ADEA*, that Ms Chen and Ms Yu move Your Honor for default judgments against all Defendants other than Shanghai Soup Dumpling Inc, that they move separately for a default judgment against Shanghai Soup Dumpling Inc in *Yu ADEA*, and that Your Honor issue a report and recommendation as to Shanghai Soup Dumpling Inc in *Yu ADEA* consistent with Your Honor's holdings in the other default motions.

<u>Computation of ADEA Damages</u>

The Court expressed doubt that it could calculate Ms Chen's and Ms Yu's back pay under ADEA by subtracting their income in the weeks since their employment at Café Deluxe ended from what their income at Café Deluxe would have been had they been paid the lawful minimum wage and overtime. However, Courts have done exactly this in mixed wage-and-hour and discrimination cases.

For instance, in *Cavalotti v. Daddyo's BBQ, Inc.*, the defendant employer promised the plaintiff employee a rate of $11.00 per hour. However, the employee was paid flat weekly salaries between $500.00 and $700.00 per week, for between 76 and 65 hours of work per week. The Court found that under the NYLL the employee was entitled to the difference between her actual weekly pay and what she would have been paid had she been paid her promised $11.00 per straight-time hour, and $16.50 per overtime hour. The Court used this same amount ($11.00 per straight-time hour times 40 straight-time hours plus $16.50 per overtime hour times 31.5 overtime hours, or $959.75 per week) to determine "the wages [she] would have earned" for purposes of calculating discrimination back pay. *See Cavalotti v. Daddyo's BBQ, Inc.*, No. 15-cv-6469 (PKC) (VMS), 2018 U.S. Dist. LEXIS 154918, at *70–71 (E.D.N.Y. Sep. 8, 2018).

Similarly, in *Belizaire v. Rav Investigative & Sec. Servs.*, the employee alleged that he was paid at a rate of $8.00 per hour first for 37.5 and then for 30 hours each week, but that he frequently did not receive his pay. He also alleged discriminatory discharge and sought back pay. The Court awarded plaintiff his unpaid wages, and also used a calculated $240.00 per week ($8.00/hour * 30 hours/week = $240.00/week) as the baseline for calculating back pay. *See Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 363 n.28 (S.D.N.Y. 2014).

Additionally, while it was not raised at the most recent conference, the Court had previously expressed doubts that back pay should be calculated up to the date of judgment. However, this is exactly what was done in *Belizaire*, *supra*. *See Belizaire*, 61 F. Supp. 3d at 362 ("In the inquest context, courts in this jurisdiction generally award back pay through the date of default judgment."); *see also Joseph v. HDMJ Rest, Inc.*, 970 F. Supp. 2d 131, 149 (E.D.N.Y. 2013) ("An employee is generally entitled to back pay from the date of his or her wrongful termination to the date the discrimination is rectified.").

Hon. Debra C. Freeman, U.S.M.J.
July 14, 2021
*Chen v. Shanghai Café Deluxe, Inc.*, No. 16-cv-04790 (DF), (S.D.N.Y.) ("*Chen FLSA*")
*Chen v. Shanghai Café Deluxe, Inc.*, No. 17-cv-02536 (DF), (S.D.N.Y.) ("*Chen ADEA*")
*Yu v. Shanghai Dumpling, Inc.*, No. 19-cv-07601 (DF), (S.D.N.Y.) ("*Yu ADEA*")
Page 3 of 3

    For the aforesaid reasons, this Court should calculate Ms Chen's and Ms Yu's back pay discrimination damages based on what they would have lawfully been paid at Café Deluxe.

    <u>Segregation of Damages and Fees</u>

    Plaintiffs will re-submit computations of damages and attorney fees in each case. However, in the interest of saving time and resources (including but not limited to the costs of service of the voluminous motion papers to the defaulting defendants), the motions themselves should not be denied and have to be re-submitted. Rather, they should remain in place (and be referred back to the newly-appointed District Judge in *Yu ADEA*). To the extent the arguments and evidence submitted don't go to the issues in each case (for instance, the evidence submitted in support of a finding of discrimination in *Chen FLSA*), they can be ignored and addressed in the appropriate case.

    We thank the Court for its attention to and consideration of this matter.

                                                      Respectfully submitted,
                                                      TROY LAW, PLLC

                                                      */s/ Aaron B. Schweitzer*
                                                      Aaron B. Schweitzer
                                                      *Attorney for Plaintiff*

cc:  via ECF
     all counsel of record